**Barbara BROWNING (Formerly Barbara Swank Joslin), Appellant,**

v.

**Robert Vernon JOSLIN, Appellee.**

Court of Appeals of Kentucky.

June 13, 1986.

Michael J. Curtis, Ashland, for appellant.

Carl Edwards, Jr., John I. Hanbury, Ashland, for appellee.

Before HAYES, C.J., and COMBS and DUNN, JJ.

HAYES, Chief Judge:

Barbara Browning appeals from the judgment of the Greenup Circuit Court which involves a dispute as to the date interest was to begin to accrue on the distribution of marital assets.

The appellant and appellee were divorced by a decree dated March 19, 1981. The parties had entered into a specific and detailed separation agreement which included the disposition of the marital home. The husband was permitted to live in the home as long as he continued to make mortgage payments and paid for insurance, taxes and upkeep. Thereafter the agreement addressed the issue of a possible sale of the property and what items would be deducted from equity realized. The agreement stated that if the house was not sold prior to February 15, 1982, the husband was to pay wife a sum equal to one-half of the estimated current market value of $200,-000.00 less $45,000.00 due on remodeling work and less the balance due on the mortgage. This amount was to be paid to the appellant in four equal annual installments, the first being due February 15, 1982, with interest on the deferred payments set at the interest rate being charged on first-mortgage loans by the First Bank and Trust Company of Ashland, Kentucky.

Although the residence was listed for sale prior to February 15, 1982, the appel-

lee lived in the home until it was sold on September 22, 1982, for the sum of $145,-000.00. He made one payment to the appellant on February 15, 1982 as required by the agreement. Thereafter, a dispute arose between the parties as to the amount owed appellant as the property was sold for less than the estimated market value of $200,000.00. The court ruled that the amount due under the settlement agreement was the $200,000.00 less the remodeling debt and the outstanding mortgage as the agreement clearly stated that the value after February 15, 1982 was to be $200,-000.00. The fact that the house was sold for less than that amount had no effect on the amount owed appellant as the agreement set the value to be used. Dispute then arose as to the date from which interest was due to accrue on the deferred payments. The trial court ruled in January of 1985 that interest was to accrue from the date of the judgment, March 6, 1984, because the appellant's claim was unliquidated prior to that date. We find that decision to be in error.

The separation agreement provided for but one contingency: sale of the residence prior to February 15, 1982. If that contingency failed to come into fruition, the agreement spelled out in detail how appellant was to be compensated for her interest in the property. The amount due appellant was always ascertainable by reference to the agreement and is therefore a liquidated claim. The fact that appellee disputed the fact that the separation agreement covered the situation does not change the nature of the debt owed to appellant. Appellee is therefore liable for the interest stated in the agreement from February 15, 1982. This holding comports with appellant's exhibit which sets out the amount owing on the deferred payments.

Appellee's reliance upon *Clark v. Clark*, Ky., 487 S.W.2d 272 (1972), is misplaced as that case dealt with a situation in which the wife's share "could be ascertained only by a court's evaluation of the many intangible factors involved in a wife's contribution to the accumulation of the family estate."

The judgment of the Greenup Circuit Court as to allowable interest is reversed and the case remanded for entry of a judgment consistent with this opinion.

All concur.